ALDRICH *v.* FOX.

A promise to pay a sum of money " whenever I shall receive or realize the above sum from" a certain fund, is a promise to pay *so much* of the principal sum as may be realized from the fund specified, though it fall short of the whole amount due.

Where goods in the custody of a third person were sold by the owner, and a bill of parcels was made, charging the goods to the purchaser, and crediting his note for the balance due, and an order was drawn on the person having custody of the goods, directing him to deliver them to the purchaser, which he refused to do; in an action on the note, brought by the payee, it was holden that the defendant was not driven to seek his remedy on the order, but that the amount to which he would have been entitled had he pursued his remedy in that mode, might properly be allowed to him by way of defence to the action.

*ASSUMPSIT* on a note of hand given by the defendant to the plaintiff, of the following tenor :—" *Portland, January* 16, " 1815. For value received from *Cromwell Aldrich* I promise to " pay him or order, four hundred twenty-five dollars and sixty- " nine cents, whenever I shall receive or realize the above sum " from a chest of tea I this day purchased of the said *Aldrich*, " and from a demand I have against *Joseph S. Smith* of *Hallowell*, " amounting to three hundred and seventy-three dollars."

At the trial of this cause it was admitted that the demand against *Smith*, mentioned in the note, had been paid to *Fox*, and that the tea was worth, and might at any time have been sold for a sum of money which, added to the money paid by *Smith*, would have exceeded the amount payable to the plaintiff. The defendant, to prove a failure of consideration, offered the deposition of *Charles Fox*, who was present at the execution of the note, and stated that the defendant proposed to purchase a chest of tea which the plaintiff said was at the store of *N. & L. Dana* in *Portland*, provided the plaintiff would discontinue a process of foreign attachment which he had instituted against *Joseph S. Smith*; to which the plaintiff assented;—that the note declared

on was then given, and an account made out, in which the defendant was debited with the tea at one dollar and thirty-four cents the pound and credited with a small balance of account due from said *Deering*, and with a note for the residue. An order was also drawn at the same time by the plaintiff on the house of *N. & L. Dana*, requesting them to deliver to the defendant or his order the chest of tea in their store, belonging to him, it being for value received ;—that two days after this the defendant handed this order with his name indorsed thereon, to *Charles Fox*, requesting him to present it and receive the tea ; —that he accordingly presented it to one of the firm, who refused to deliver the tea without payment of the sum due for transportation and storage, which *Aldrich* had agreed to pay, and which the deponent therefore declined paying; and that he thereupon returned the paper and stated the reasons for his not receiving the tea, to the defendant.

The plaintiff contended that the making and delivery of the order and the account before mentioned formed a sufficient consideration for the note, and that by the true construction of the note, and the evidence, the defendant was bound to have received the tea upon the terms offered by *Mr. Dana*. But the Judge who presided at the trial, for the purpose of reserving the questions of law in the cause for the decision of the whole Court, ruled that the evidence shewed a want of consideration for the note. The plaintiff then offered to prove that the chest of tea was not the only consideration for the note; but that one *J. D.* who was in fact the agent of the defendant, had purchased the tea a year before the date of the note declared on at the price above stated ;—that he had instituted the above mentioned process of foreign attachment against *J. D.* and *Smith* as his trustee, to recover payment of the price, which suit was then pending ; —that teas had in the mean time greatly fallen in value by reason of the prospects of approaching peace, being worth no more than eighty cents ;—and that when the note was given, it was agreed as part of the consideration that the plaintiff should give up his claim against *J. D.* and discontinue his suit, which he accordingly did. But this evidence the Judge ruled to be inadmissible, as it went to contradict the account stated and signed by the plaintiff.

It was also contended by the defendant, that by the terms of the note the plaintiff could recover no part of the amount till he should have received the whole from the sources mentioned in the note, that being a condition precedent; and the Judge so ruled accordingly, and directed a nonsuit, which was to be set aside if, in the opinion of the Court, it was improperly directed.

*Sprague,* for the plaintiff. The order drawn by the plaintiff for delivery of the tea to the defendant, was a sufficient consideration for the note. Each party acknowledges a value received, and there is an interchange of their respective liabilities, on which each may sustain his action. *Close v. Miller,* 10 *Johns.* 90. *Martindale v. Fisher,* 1 *Wils.* 88. It may be that the defendant has been guilty of some neglect respecting the order, which cannot be tried in this action. *Tobey v. Barber,* 5 *Johns.* 72. *Chitty on bills,* 83. 108—9. 181.

But if the tea *was* the consideration for the note, the property of the plaintiff in it passed from him and vested in the defendant by the delivery of the order; and the defendant should have discharged the lien upon it, retaining the amount of the lien in his own hands.—So is the law respecting similar incumbrances on land. *Smith v. Sinclair,* 15 *Mass.* 171.

The transaction with *Smith* as trustee of the defendant's agent, and the discontinuance of that suit, formed of themselves a sufficient consideration for the defendant's promise. *J. D.* was the defendant's agent, and not having disclosed his principal, was liable to the plaintiff, and had his own remedy over against the defendant. The suit was therefore virtually the defendant's; yet the plaintiff discontinued it, with the loss of his remedy and his costs. Here then was both a loss to the plaintiff and a gain to the defendant. Nor is this a transaction the examination of which is barred by the tenor of the note, which, in this view of the case, may be treated as a mere receipt of payment for the tea, or an account stated, and open to further explanation. *Stackpole v. Arnold,* 11 *Mass.* 27. *Tobey v. Barber,* 5 *Johns.* 68. *House v. Low,* 2 *Johns.* 378. *Manhattan Co. v. Lydig,* 4 *Johns.* 377. *Rex v. Scammonden,* 3 *D. & E.* 474.

As to the objection made at the trial, that the receipt of the whole sum by the defendant was made a condition precedent to the payment of any part to the plaintiff; the note does not re-

quire that construction, and to admit it would be to open a wide door to fraud, giving the defendant power to receive all but a small fraction of the fund, and to delay the plaintiff at his pleasure. The tea and the demand against *Smith* are only designated as the fund out of which the plaintiff was to be paid ; and he is entitled to receive as much money as the defendant, using due diligence, could derive from those two sources. *Sturgis v. Robbins,* 7 *Mass.* 301. *Crocker v. Whitney,* 10 *Mass.* 316.

*Longfellow and J. Potter* for the defendant, contended, 1. that the contract was conditional. By the terms of the note, the language of which is strong and explicit, the payment of the money was made to depend on the sale of the tea *and* the receipt of another sum from *Smith ;* and this was expressly made a condition precedent. Now where a condition is precedent, its performance must be averred and proved; neither of which being the case here, the plaintiff cannot recover. *Glaisbrook v. Woodrow,* 8 *D. & E.* 366. *Colonel v. Briggs,* 1 *Salk.* 113. *Thorpe v. Thorpe,* 1 *Salk.* 171. *Johnson v. Read,* 9 *Mass.* 78. *M'Millan v. Vanderslip,* 12 *Johns.* 166.

2. Here is an entire failure of consideration. It was not the order, but the bill of parcels which formed the consideration for the note; and the manifest intent of the parties, from the nature of the transaction itself was, that the engagement to pay should derive its life and vigor from the delivery of the goods. The want of such delivery may be shewn by parol, and is a good defence to the action. *Frisbee v. Hoffnagle,* 11 *Johns.* 50. *Babcock v. Stanley,* 11 *Johns.* 178. *Porter v. Rose,* 12 *Johns.* 209. 2 *Taunt.* 2.

3. Nor ought the plaintiff to be admitted to allege a consideration different from that which is stated in the note. The consideration is *expressed in writing,* and cannot be denied by parol. The case of *Tobey v. Barber* cited from 5 *Johns.* merely shews that third persons, strangers, might contradict this part of the instrument; but the principle we contend for applies to all *written* contracts, where the parties to the contract are parties to the record. *Schermerhorn v. Vanderheyden,* 1 *Johns.* 139. *Maigley v. Hauer,* 7 *Johns.* 341.

But if the consideration were examinable, yet the debt due

from *Smith* made no part of it; and if the defendant fails on this ground, he will lose a debt due to him, in which the plaintiff never had any interest whatever. It was mentioned in the note for no other purpose than to compel the plaintiff to discontinue his process of foreign attachment.

[*Preble J.* When the note was given, tea had fallen in the market thirty *per cent.* so that the defendant could *never* have received enough from that fund to pay the note. If then he had received the tea, and the money due from *Smith*, ought he not to pay as much as the market value of the tea ?]

*Longfellow.* Not by the terms of the contract. The condition is precedent; and if it has become impossible of performance the defendant is not bound to pay. The parties have chosen to make such a contract, and must be bound by it. If its operation is inconvenient to the plaintiff, still, it was his own election, and is not the fault of the law.

The cause being continued *nisi* for advisement, the opinion of the Court was delivered at the succeeding term in *Cumberland*, to the following effect, by

WESTON J. The note declared upon in the action before us is unquestionably not a promise to pay, at all events, to the entire amount therein expressed ; but the fund from which payment is to be made is limited to two sources particularly referred to.

It is insisted by the counsel for the defendant that upon a fair construction of its terms, he could not be holden to pay, except upon the condition that he had first obtained the whole amount from the funds, upon which the payment was limited. But we are satisfied that this is not the fair import of the contract, and that the maker of the note must be holden to pay, if there were no other objection to the right of the plaintiff to recover, the sum he may have received, although falling short of the entire amount ; the effect of the stipulation relied upon being only to absolve the maker from paying more than he might realize from the funds, if they should not produce an amount equal to the sum expressed in the note. Thus, if the defendant had failed to collect the debt from *Smith*, and the tea, as is probable from the evidence proposed to be exhibited, had produced less than the note, the defendant must have been holden to pay what

Aldrich v. Fox.

he had obtained from the sale of the tea ; and his liability would have been limited to that sum. On the other hand, if the debt from *Smith* had been paid, and the tea by reason of its unsoundness, or from any other cause, had produced little or nothing, that circumstance, according to the fair understanding of the parties, would not have the effect to absolve the defendant from his liability to the plaintiff for the sum he had actually realized. The principle of construction adopted in this case, is in conformity with the case of *Crocker et ux. v. Whitney*, 10 *Mass.* 316.

Another ground, taken by the defendant is, that the note was given without consideration, or upon a consideration that has failed. If this position has been sustained, it is a sufficient answer to the suit, it being between the original parties. It appearing from the account stated by the plaintiff, bearing date on the same day, that the tea exceeded by a small amount the sum expressed in the note, which from the same account, appears to have been given for the tea, it is urged that the plaintiff cannot be received to prove that it was in fact given upon any other consideration. To this it may be answered, that the defendant in attempting to prove a want of consideration, relies upon what has usually been deemed an exception to the rule that parol testimony is not to be received to explain, vary, or contradict written evidence ; inasmuch as the note in question purports to have been given for value received. He therefore resting upon this equitable ground of defence, opens the whole subject matter for examination, as well in behalf of the plaintiff as of himself. Besides, the account may be considered as an acknowledgement of payment for the tea on the part of the plaintiff, and as such, like other receipts, is not governed by the rule which generally applies to written evidence. We are therefore of opinion that the plaintiff is not precluded from shewing that the note was founded upon other considerations than the sale of the tea ; and that evidence to this effect, which was offered and rejected, ought to have been received.

To avoid however circuity of action, the note and the order having been given on the same day, and relating to one transaction, we do not apprehend it to be necessary that the defendant should be driven to his action against the plaintiff upon the

order, but that the amount to which he would have been entitled had he pursued his remedy in that mode, may be properly allowed to him, by way of defence or offset, in the present action. In a suit upon the order, the defendant would have recovered the value of the tea, when it should have been delivered; this sum may therefore go *pro tanto* in discharge of the note, and the balance the plaintiff is entitled to recover.

Thus the parties will be placed in the condition contemplated by their contract, had it been, by the delivery of the tea upon the order, carried into full effect, according to their respective stipulations; the defendant being allowed against the plaintiff all that he could have realized from the tea, if he had received it, and the plaintiff, receiving the difference between that and the amount of the note, will obtain the full benefit of all that he lost by waiving the contract with *Deering*, who was the agent of the defendant, and withdrawing the remedy by which he sought to enforce it. And this difference will be the precise sum at which the loss on the one hand, and the accommodation on the other, must have been estimated by the parties.

In order that the cause may be settled upon these principles, the nonsuit is to be set aside, and the action stand for trial.